Xinlin Li Morrow (SBN 281707)
xinlin@moni.law
MORROW NI LLP
3333 Michelson Drive Suite 300
Irvine, California 92612
Telephone:     (213) 282-8166

*Attorneys for Defendant Last Brand, Inc.
d/b/a Quince*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAPESTRY, INC., a Maryland Corporation; COACH SERVICES, INC, a Maryland Corporation; and COACH IP HOLDINGS LLC, a Delaware Limited Liability Company,<br>    *Plaintiffs*,<br>  v.<br>LAST BRAND, INC. dba QUINCE, a Delaware Corporation; and DOES 1- 10, inclusive,<br>    *Defendants*. | Case No. 4:25-cv-03082-JST<br><br>Hon. Jon S. Tigar<br><br>**ANSWER**<br><br>JURY TRIAL DEMANDED |

  Defendant Last Brand, Inc. d/b/a Quince ("Quince") hereby submits its Answer in response to Plaintiffs' Complaint for Damages and Equitable Relief ("Complaint"). For convenience only, Quince repeats the headings employed by Plaintiffs in the Complaint. Each paragraph of the Answer below corresponds to the corresponding numbered paragraph of the Complaint. Quince denies every allegation set forth in the Complaint unless expressly admitted below.

<u>**NATURE OF THE ACTION**</u>

1. Paragraph 1 of the Complaint is a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Quince admits the Plaintiff alleges trade dress infringement and unfair competition and denies the remaining allegations in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Quince admits this Court has subject-matter jurisdiction.

3. Quince does not contest personal jurisdiction in this District solely for purposes of this action. Quince denies the remaining allegations in Paragraph 3 of the Complaint.

4. Quince admits that venue is proper in this District solely for purposes of this action. Quince denies the remaining allegations in Paragraph 4 of the Complaint.

## THE PARTIES

5. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and on that basis denies them.

6. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and on that basis denies them.

7. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and on that basis denies them.

8. Quince admits that Last Brand, Inc. d/b/a Quince is a Delaware corporation registered to do business in California but otherwise denies the allegation. Quince's current address is 2012 16th Street, San Francisco, CA 94103.

9. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and on that basis denies them.

10. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and on that basis denies them.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     The World-Famous Coach Brand and Products**

11. Quince lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 11 of the Complaint, and on that basis denies them.

12. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and on that basis denies them.

13. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and on that basis denies them.

14. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and on that basis denies them.

**B.   Defendants' Acts of Infringement and Unfair Competition[1]**

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed necessary, Quince denies the allegations in Paragraph 15 of the Complaint.

16. Quince admits that it is engaged in the retail sale of handbags and other products under the brand Quince through the public website www.quince.com. Quince denies the remaining allegations in Paragraph 16 of the Complaint.

17. Quince admits that it sold to consumers in the United States products named "Italian Leather Medium Convertible Satchel" and "Italian Leather Buckle Detail Shoulder Bag." Quince denies the remaining allegations in Paragraph 17 of the Complaint.

18. Quince denies the allegations in Paragraph 18 of the Complaint.

19. Quince denies the allegations in Paragraph 19 of the Complaint.

20. Quince denies the allegations in Paragraph 20 of the Complaint.

21. Quince denies the allegations in Paragraph 21 of the Complaint.

22. Quince denies the allegations in Paragraph 22 of the Complaint.

23. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, especially as to the intent, and on that basis denies them.

---

[1] Quince expressly denies that it has committed infringing activities or engaged in unfair competition.

24. Quince denies the allegations in Paragraph 24 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Trademark Dress Infringement of the Rogue Trade Dress – 15 U.S.C. § 1125(a))**

25. Quince repeats and reasserts the responses set forth in paragraphs 1–24 above as if fully set forth herein.

26. Quince denies that Plaintiffs have any protectable trade dress relevant to this action. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and on that basis denies them.

27. Quince denies that Plaintiffs have any protectable trade dress relevant to this action. Quince lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint, and on that basis denies them.

28. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, and on that basis denies them.

29. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and on that basis denies them.

30. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and on that basis denies them.

31. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, and on that basis denies them.

32. Quince denies the allegations in Paragraph 32 of the Complaint.

33. Quince denies the allegations in Paragraph 33 of the Complaint.

34. Quince admits there are many handbag designs in the handbag industry. Quince denies the remaining allegations in Paragraph 34 of the Complaint.

35. Quince denies the allegations in Paragraph 35 of the Complaint.

36. Quince denies the allegations in Paragraph 36 of the Complaint.

37. Quince denies the allegations in Paragraph 37 of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Trademark Dress Infringement of the Soho Flap Trade Dress – 15 U.S.C. § 1125(a))**

38. Quince repeats and reasserts the responses set forth in paragraphs 1–37 above as if fully set forth herein.

39. Quince denies that Plaintiffs have any protectable trade dress relevant to this action. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint, and on that basis denies them.

40. Quince denies that Plaintiffs have any protectable trade dress relevant to this action. Quince lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint, and on that basis denies them.

41. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, and on that basis denies them.

42. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint, and on that basis denies them.

43. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint, and on that basis denies them.

44. Quince lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint, and on that basis denies them.

45. Quince denies the allegations in Paragraph 45 of the Complaint.

46. Quince denies the allegations in Paragraph 46 of the Complaint.

47. Quince admits there are many handbag designs in the handbag industry. Quince denies the remaining allegations in Paragraph 47 of the Complaint.

48. Quince denies the allegations in Paragraph 48 of the Complaint.

49. Quince denies the allegations in Paragraph 49 of the Complaint.

50. Quince denies the allegations in Paragraph 50 of the Complaint.

### THIRD CLAIM FOR RELIEF

**(Trademark Infringement under California Common Law)**

51. Quince repeats and reasserts the responses set forth in paragraphs 1–50 above as if

fully set forth herein.

52. Quince denies the allegations in Paragraph 52 of the Complaint.
53. Quince denies the allegations in Paragraph 53 of the Complaint.
54. Quince denies the allegations in Paragraph 54 of the Complaint.
55. Quince denies the allegations in Paragraph 55 of the Complaint.
56. Quince denies the allegations in Paragraph 56 of the Complaint.
57. Quince denies the allegations in Paragraph 57 of the Complaint.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition Under California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 et seq.)**

58. Quince repeats and reasserts the responses set forth in paragraphs 1–57 above as if fully set forth herein.
59. Quince denies the allegations in Paragraph 59 of the Complaint.
60. Quince denies the allegations in Paragraph 60 of the Complaint.
61. Quince denies the allegations in Paragraph 61 of the Complaint.
62. Quince denies the allegations in Paragraph 62 of the Complaint.
63. Quince denies the allegations in Paragraph 63 of the Complaint.
64. Quince denies the allegations in Paragraph 64 of the Complaint.

## FIFTH CLAIM FOR RELIEF

**(Unfair Competition Under California Common Law)**

65. Quince repeats and reasserts the responses set forth in paragraphs 1–64 above as if fully set forth herein.
66. Quince denies the allegations in Paragraph 66 of the Complaint.
67. Quince denies the allegations in Paragraph 67 of the Complaint.
68. Quince denies the allegations in Paragraph 68 of the Complaint.
69. Quince denies the allegations in Paragraph 69 of the Complaint.
70. Quince denies the allegations in Paragraph 70 of the Complaint.

1  71.  Quince denies the allegations in Paragraph 71 of the Complaint.
2  72.  Quince denies the allegations in Paragraph 72 of the Complaint.
3  73.  Quince denies the allegations in Paragraph 73 of the Complaint.
4  74.  Quince denies the allegations in Paragraph 74 of the Complaint.

## PRAYER FOR RELIEF

To the extent any response to Plaintiffs' requested relief is required, Quince denies that Plaintiffs are entitled to any of the relief they requested.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof it would not otherwise bear, Quince asserts the following separate and additional affirmative defenses, all of which are pleaded in the alternative.

### DEFENSE NO. 1: FAILURE TO STATE A CLAIM

75.  The Complaint fails to state a claim upon which relief may be granted.

### DEFENSE NO. 2: NON-INFRINGEMENT OF TRADE DRESS

76.  Quince has not infringed and does not infringe on any of Plaintiffs' valid trade dress rights.

### DEFENSE NO. 3: INVALIDITY OF TRADE DRESS - FUNCTIONALITY

77.  Plaintiffs' claims of trade dress infringement are barred, precluded, and/or limited by the doctrine of utilitarian functionality. Plaintiffs have no valid trade dress protection over the design of its handbags because each element of Plaintiffs' alleged product-design trade dresses, specifically the Rogue Trade Dress and Soho Flap Dress (collectively, the "Asserted Trade Dresses"), is essential to the use and purpose of Plaintiffs' handbags.

### DEFENSE NO. 4: INVALIDITY OF TRADE DRESS - DISTINCTIVENESS

78.  Plaintiffs' claims of trade dress infringement are barred, precluded, and/or limited by the fact that Plaintiffs' Asserted Trade Dresses lack requisite distinctiveness. Plaintiffs' Asserted Trade Dresses are not inherently distinctive because, as a matter of law, product-design trade dress can never be inherently distinctive. Plaintiffs' Asserted Trade Dresses also have not acquired distinctiveness, i.e., secondary meaning, as the elements of Plaintiffs' Asserted Trade Dresses cannot

and do not serve as source identifiers or otherwise indicate Plaintiffs as the source of Plaintiffs' handbags.

### DEFENSE NO. 5: INVALIDITY OF TRADE DRESS - GENERICNESS

79. Plaintiffs' Asserted Trade Dresses are generic and comprised of common elements, which cannot and do not serve as an indicator of source.

### DEFENSE NO. 6: EQUITY

80. Plaintiffs' claims are barred, in whole or in part, under additional principles of equity, including but not limited to the equitable doctrines of waiver, forfeiture, acquiescence, estoppel, and/or unclean hands.

### DEFENSE NO. 7: LICENSE

81. On information and belief, Plaintiffs' claims for relief are barred, in whole or in part, by an express or implied license and/or release.

### DEFENSE NO. 8: EXCEPTIONALITY

82. Plaintiffs are not entitled to enhanced or increased damages, or attorneys' fees, on the basis that this case is exceptional. Quince reserves the right to move for attorneys' fees on the basis that this case is exceptionally frivolous or otherwise exceptional in a manner that warrants an award of attorneys' fees to Quince under applicable law.

### DEFENSE NO. 9: STANDING

83. On information and belief, Plaintiffs lack standing to bring this action.

### RESERVATION OF ADDITIONAL DEFENSES

Quince reserves all rights to assert and rely on any additional defenses that may come available or apparent, and to amend its Answer and/or defenses accordingly.

### JURY TRIAL DEMANDED

Quince demands a jury trial for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Quince requests that the Court enter judgment in its favor and against Plaintiffs as follows:

  a. declaring that Quince has not infringed and is not infringing any valid trade dress belonging to Plaintiffs;

  b. declaring that Quince has not and is not engaging in unfair competition in violation of any California statutory or common laws;

  c. declaring that Plaintiffs' Asserted Trade Dresses are unenforceable, in whole or in part, against Quince due to invalidity, waiver, forfeiture, acquiescence, equitable estoppel, exhaustion, implied license, and/or unclean hands;

  d. dismissing the Complaint in its entirety, with prejudice, denying each and every prayer for relief therein;

  e. awarding Quince its costs and reasonable attorneys' fees in defending this action; and

  f. granting Quince any such other and further relief as the Court may deem necessary, just, or proper.

DATED: June 9, 2025

By: /s/ *Xinlin Li Morrow*
  Xinlin Li Morrow
  xinlin@moni.law
  MORROW NI LLP
  3333 Michelson Drive Suite 300
  Irvine, California 92612
  Telephone: (213) 282-8166

  *Attorneys for Defendant Last Brand, Inc. d/b/a Quince*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 9, 2025, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

                                      By: */s/ Xinlin Li Morrow*
                                                Xinlin Li Morrow