UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAPESTRY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LAST BRAND, INC.,<br><br>Defendant. | Case No. 25-cv-03082-JST   (KAW)<br><br>**ORDER RE 3/2/26 DISCOVERY LETTER**<br><br>Re: Dkt. No. 36<br><br>[Discovery Letter No. 1] |

Plaintiffs Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC filed the instant case against Defendant Last Brand, Inc. dba Quince, alleging trade dress infringement based on Defendants' manufacture and sale of handbag products that are identical, substantially indistinguishable, or confusingly similar to Coach's "Rogue Trade Dress" and "Soho Flap Trade Dress" products.  (Compl. ¶¶ 1, 15.)  On March 2, 2026, the parties filed a discovery letter regarding: (1) Plaintiffs' Rule 30(b)(6) deposition, and (2) the deposition of Angela Bo.[1] (Discovery Letter, Dkt. No. 36.)

As an initial matter, to the extent Plaintiffs seek leave to file a motion for a protective order regarding the Rule 30(b)(6) depositions and a motion to compel Ms. Bo's deposition, the Court generally does not entertain such motions regarding discovery disputes between the parties. Rather, the Court resolves discovery disputes between the parties on the basis of joint discovery letters and will do so here.  (*See* Judge Westmore Civil Standing Order ¶ 14.)

### A.    Rule 30(b)(6) Depositions

Defendant seeks Rule 30(b)(6) depositions for each Plaintiff.  (Discovery Letter at 1.)

---

[1] On March 5, 2026, the case was referred to this Court for discovery.  (*See* Dkt. No. 39.)

While Plaintiffs do not oppose a Rule 30(b)(6) deposition, Plaintiffs complain that the discovery requests (comprised of 45 topics) are duplicative of other discovery, overly broad, not narrowly tailored, not relevant, privileged, seek a legal conclusion, and/or call for an expert opinion from a lay witness. (*Id.* at 2.)

The purpose of a Rule 30(b)(6) deposition is "to require an organization to identify and designate a witness who is knowledgeable on the noticed topic." *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK (PSG), 2012 U.S. Dist. LEXIS 9921, at *10 (N.D. Cal. Jan. 27, 2012). Courts, however, have found that this "does not extend to burdening the responding party with production and preparation of a witness on every facet of the litigation." *Id.* Indeed, "the obligation of the responding party to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated matter . . . becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand." *Id.*

Here, the Court cannot find that the 45-topic notice is facially excessive. *Compare with Apple Inc.*, 2012 U.S. Dist. LEXIS 9921, at *10 (finding that a 229-topic notice was facially excessive). The topics appear to be primarily related to Plaintiffs' knowledge about the allegedly infringing products and the trade dress at issue.

Plaintiffs also challenge specific topics. Plaintiffs contend Topic Nos. 5 and 7-11 seek an improper legal conclusion because they go to the *Sleekcraft* factors. (Discovery Letter at 2.) Defendant, however, correctly responds that these seek Plaintiffs' factual knowledge; for example, Topic Nos. 9-11 seek information about the physical features that Plaintiffs are asserting embody the trade dress at issue. (*Id.*; *see* Exh. B at 5-6.) Plaintiffs also argue that Topic No. 18 is not relevant to the extent it seeks information about an antitrust lawsuit filed against Plaintiffs but does not contradict Defendant's point that the antitrust action is relevant to Plaintiffs' market position, enforcement history, and the commercial context of its brand, which in turn goes to the strength of the asserted trade dress. (*Id.* at 2, 3.) Finally, Plaintiffs argue that Topic Nos. 20-22, 24, 27, 29-32, and 37 are duplicative of other Topics and document discovery requests, while others could instead be framed as an interrogatory. (Discovery Letter at 2.) Plaintiffs cite no

United States District Court
Northern District of California

2

authority that Defendant is required to propound interrogatories (which are limited in number) over deposition requests. As to these Topics being duplicative of document discovery requests, "[t]he mere fact that the interrogatories and requests for production seek similar information to the questions posed in the 30(b)(6) deposition is not enough to warrant a protective order preventing the deposition at the outset." *C.R. Dep't v. Grimmway Enters., Inc.*, No. 2:21-cv-01552 DAD AC, 2023 U.S. Dist. LEXIS 218174, at *7 (E.D. Cal. Dec. 7, 2023). Rather, Defendant is "entitled to the knowledge of the corporation and the corporation's position on matters clearly relevant and discoverable in this case," while Plaintiffs have "a duty to present a 30(b)(6) witness to provide a knowledgeable witness to address the noticed topics, provide the corporation's position, and provide answers to bind the corporation." *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 541 (D. Nev. 2008).

The Court thus denies Plaintiffs' request for a protective order.

### B. Angela Bo

Plaintiffs have served Defendant with a Notice of Deposition of Ms. Bo, who is a Sourcing Manager at Defendant's Chinese affiliate based in China. (Discovery Letter at 3.) "Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition." *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 516 (D. Idaho 2013). "If the party seeking the deposition wishes to depose a specific employee of the corporation, it may identify a specific officer, director or managing agent to be deposed and notice that person under Federal Rule of Civil Procedure 30(b)(1). However, a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice," and must instead be subpoenaed. *Id.* The party seeking discovery has the burden of proof of showing an individual is a managing agent, but "this burden is a modest one, and doubts about an individual's status as 'managing agent,' at the pretrial discovery stage, are resolved in favor of the examining party." *Id.* at 517.

Here, Plaintiffs assert that Ms. Bo is Defendant's managing agent. There is no dispute, however, that Ms. Bo is not an employee of Defendant, but an employee of Defendant's *foreign affiliate*, a separate legal entity who is not a party to the case. Thus, Plaintiffs must first show that

3

Ms. Bo is *Defendant's* employee, or that Defendant and its foreign affiliate are "'the same legal entity for purposes of deposition discovery.'" *Lott v. BSI Fin. Serv.*, No. 5:23-cv-00269-SSS-SHK, 2024 U.S. Dist. LEXIS 38075, at \*10 (C.D. Cal. Mar. 5, 2024) (quoting *Calderon*, 290 F.R.D. at 511), \*14-15 (acknowledging that ESPL was a closely related subsidiary or affiliate of BSI, but that "this evidence does not establish that BSI has <u>legal right</u> to require ESPL to produce a witness for a deposition on its behalf"); *see also Miller v. Equifax Info. Servs., LLC*, 508 F. Supp. 3d 1166, 1169 n.4 (N.D. Fla. 2020) ("The ACDV Operators cannot be Defendant's 'managing agents' because they are not Defendant's employees.'"); *Livesay v. Nat'l Credit Sys.*, No. 4:22-CV-19-TLS-JEM, 2022 U.S. Dist. LEXIS 219418, at \*6-7 (N.D. Ind. Dec. 5, 2022) ("while it is true the 'managing agents' *of a party* may be compelled to sit for a deposition after receiving notice pursuant to Rule 30(b)(1), the Plaintiff has failed to clear the initial hurdle of demonstrating that Provana is a party")

Here, Plaintiffs have failed to make any showing that Ms. Bo is Defendant's employee or that Defendant and its foreign affiliate are so close that Defendant can be compelled to produce its foreign affiliate's employees for a deposition. Instead, Plaintiffs skip to the analysis of whether Ms. Bo could be considered a managing agent. (Discovery Letter at 3-4.)

Accordingly, the Court denies Plaintiffs' request to compel Ms. Bo's deposition without prejudice. If Plaintiffs believe it can make the showing that Ms. Bo is Defendant's employee or that Defendant and its foreign affiliate are so close that the two could be treated as one for purposes of discovery, the parties shall meet and confer on the matter. If the parties are unable to resolve the matter on their own, the parties shall file a joint discovery letter that is compliant with the Court's Civil Standing Order.[2]

///

///

---

[2] The Court notes that Chinese law prohibits depositions in China for use in foreign courts unless obtained through the Hague Convention, such that Ms. Bo would need to travel to another country or the city of Hong Kong to take a remote deposition if based on a Notice of Deposition. (*See* Discovery Letter at 4.) Under such circumstances, the Court would be inclined to require that Plaintiffs bear the cost of Ms. Bo's travel expenses.

This order disposes of Dkt. No. 36.

IT IS SO ORDERED.

Dated: March 10, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California