UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAPESTRY, INC., et al., | Case No. 25-cv-03082-JST   (KAW) |
| Plaintiffs, | |
| v. | **ORDER RE 4/17/26 DISCOVERY LETTERS** |
| LAST BRAND, INC., | Re: Dkt. Nos. 46, 47 |
| Defendant. | [Discovery Letter Nos. 2, 3] |

United States District Court
Northern District of California

Plaintiffs Tapestry, Inc., Coach Services, Inc., and Coach IP Holdings LLC filed the instant case against Defendant Last Brand, Inc. dba Quince, alleging trade dress infringement based on Defendant's manufacture and sale of handbag products that are identical, substantially indistinguishable, or confusingly similar to Coach's "Rogue Trade Dress" and "Soho Flap Dress" products.  (Compl. ¶¶ 1, 15.)  On April 17, 2026, the parties filed two discovery letters regarding: (1) the reopening of Defendant's 30(b)(6) deposition, and (2) whether Plaintiffs' in-house counsel should have access to documents designated by Defendant as Attorney's Eyes Only.  (Discovery Letter re 30(b)(6), Dkt. No. 46; Discovery Letter re Confidentiality, Dkt. No. 47.)

### A.   Rule 30(b)(6) Deposition

As background, the Court previously declined to compel the deposition of Angela Bo, an employee of Defendant's foreign affiliate.  (Discovery Order at 3-4, Dkt. No. 43.)  The Court explained that Plaintiffs had failed to show that Ms. Bo was Defendant's employee, or that Defendant and its foreign affiliate were the same legal entity for purposes of deposition discovery. (*Id.*)  Following that order, Defendant disclosed that Ms. Bo is an employee of Defendant's Chinese Subsidiary, Quince Trading (Shenzhen) Co., Ltd. ("Quince Trading").  (Discovery Letter re 30(b)(6) at 1.)  Plaintiffs now seek to reopen Defendant's 30(b)(6) deposition: "(1) to confirm

that [Defendant] and Quince Trading, are to be treated as the same legal entity for purposes of discovery, in order to take the deposition of Ms. Bo who is employed by the subsidiary; and (2) in the event that Ms. Bo's deposition cannot be taken, to question Quince on issues of fact relating to Quince's manufacturing process that the prior designees were unprepared to answer." (*Id.*)

"In the absence of a stipulation, a party must obtain leave from the court to re-open a deposition." *Bookhamer v. Sunbeam Prods.*, No. C 09-6027 EMC (DMR), 2012 U.S. Dist. LEXIS 151010, at *5 (N.D. Cal. Oct. 19, 2012). While the court has discretion to re-open a deposition, "[a]bsent a showing of 'good need' . . . a court generally will not order re-opening." *Id.* A court generally will not find good need if: (1) the second deposition "sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or (3) "the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* (cleaned up).

The Court finds that Plaintiffs have not established good need. Foremost, Plaintiffs fail to adequately explain why they cannot seek the information requested through written discovery, as Defendant has proposed. While Plaintiffs state that they only have one interrogatory left, Defendants have stated that they will "work with Plaintiffs to respond to written discovery directed at the corporate relationships and manufacturer questions Plaintiffs raise." (Discovery Letter re 30(b)(6) at 2, 5.) Plaintiffs' general concerns regarding the purported inadequacy of an interrogatory are not sufficient to show that written discovery would not be a more convenient and less burdensome method of obtaining the requested information.

Next, Plaintiffs assert that they are entitled to further information about willfulness, including whether Defendant sought out manufacturers that previously made handbags for Coach. (Discovery Letter re 30(b)(6) at 3.) Yet Plaintiffs do not dispute Defendant's statement that one of Defendant's 30(b)(6) designees, Alyssa Burgos, already testified that she believed the manufacturers produced for Coach. (*Id.* at 5.) Further, to the extent Plaintiffs are now asserting Defendant's 30(b)(6) designees were unprepared, Defendant observes that Plaintiff concluded the 30(b)6) depositions without complaint and with no reservation of the right to reopen. (*Id.* at 4.)

United States District Court
Northern District of California

In the alternative, Plaintiffs state that they seek further testimony to determine whether Quince Trading may be added as a defendant. (*Id.* at 3.) Courts have generally not been inclined to permit such discovery, explaining that "discovery cannot be a fishing expedition for new claims, defenses, or surprise facts." *Asetek Danmark A/S v. Coolit Sys. Inc.*, No. 19-cv-00410-EMC (LB), 2021 U.S. Dist. LEXIS 195209, at *5 (N.D. Cal. Oct. 8, 2021); *see also Peasley v. Rippberger*, No. 18-CV-03498-LHK, 2020 U.S. Dist. LEXIS 165294, at *29 (N.D. Cal. Aug. 17, 2020) ("The Court is reluctant to permit plaintiff to go on a fishing expedition for facts to state a new claim against a new defendant"); *Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2017 U.S. Dist. LEXIS 173476, at *11 (N.D. Cal. Oct. 19, 2017) (rejecting discovery "for unknown and unlitigated claims"). Indeed, the Advisory Committee noted that changes to Rule 26(b)(1) "signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."

Accordingly, the Court denies Plaintiffs' request to reopen Defendant's Rule 30(b)(6) deposition. The parties should instead cooperate on written discovery, including allowing Plaintiffs additional interrogatories as reasonably necessary to obtain the needed information.

### B. Confidentiality Designations[1]

The parties dispute whether certain documents designated by Defendant as Attorney's Eyes Only ("AEO") were properly designated, and whether Plaintiffs' in-house counsel should be given access to them. (Discovery Letter re Confidentiality at 1.) As defined by the stipulated protective order, documents designed as AEO are "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (Protective Order ¶ 2.7, Dkt.

---

[1] The Court notes that this discovery included eight footnotes, which appear to be an incorrect font size. (*See* N.D. Cal. Civil Local Rule 3-4(c)(2) (requiring that all written text, including footnotes, be in 12-point type or larger). In any case, "[a]rguments raised only in footnotes . . . are generally deemed waived." *Riegels v. Comm'r (In re Estate of Saunders)*, 745 F.3d 953, 962 n.8 (9th Cir. 2014). Thus, to the extent the parties made substantive arguments only in the footnotes, the Court did not consider them.

No. 32.)

As an initial matter, to the extent Defendant relies upon courts granting motions to file under seal to justify the AEO designation, the Court finds such arguments unpersuasive. (Discovery Letter re Confidentiality at 1.)  Rather, Plaintiffs correctly point out that those sealing motions considered whether Defendant's materials should be protected from *public* view, rather than Plaintiffs' in-house counsel.  (*See id.* at 3.)  Thus, the issue is whether Defendant's documents are properly designated AEO.

Per Rule 26(c), a court may "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]"  The burden is on the party seeking such a designation to show good cause, including a showing that specific prejudice or harm will result and that it has made reasonable efforts to keep the confidential documents secret.  *See RSI Corp. v. IBM*, No. 5:08-cv-3414 RMW, 2012 U.S. Dist. LEXIS 105982, at *2 (N.D. Cal. July 30, 2012)

Courts have found that AEO designation is warranted where a party demonstrates competitive harm.  For example, in *Nutratech, Inc. v. Syntech International, Inc.*, the district court approved the use of an AEO designation as to customer and supplier lists where the parties were competitors.  242 F.R.D. 552, 555 (C.D. Cal. 2007).  There, both parties sold the same product, albeit to different buyers.  *Id.*  In permitting the AEO designation, the district court noted that "[m]any cases involving claims of trademark infringement require the production of customer and supplier lists and such lists are customarily produced subject to an [AEO] order."  *Id.* at 556; *see also RSI Corp.*, 2012 U.S. Dist. LEXIS 105982, at *3 ("Courts routinely prevent the disclosure of customer lists to the employees of direct competitors[.]").

Here, the documents at issue include internal spreadsheets and e-mails with manufacturer and vendor information, pricing strategy, costs, analysis of competitor products, supply chain logistics and timelines, product order plans, and quality control strategy.  (*See* Discovery Letter re Confidentiality, Exh. A.)  Further, Plaintiffs themselves allege that Defendant is Plaintiff Coach's competitor.  (Compl. ¶¶ 18, 32, 45.)  Such information can thus be used to target Defendant's manufacturers and customers or otherwise undercut Defendant's prices or products by using

United States District Court
Northern District of California

confidential strategy, thus causing competitive harm. (*See* Discovery Letter re Confidentiality at 1.) Defendant also affirmatively states that these documents are strictly limited to employees who need such information to perform their job duties, and that such employees are bound by confidentiality obligations to maintain the secrecy of this information. (*Id.*) Accordingly, the Court finds that Defendant has established its burden that there is good cause for the AEO designation.

The analysis then turns to whether Plaintiffs' need for the information at issue outweighs Defendant's need for protection. *See RSI Corp.*, 2012 U.S. Dist. LEXIS 105982, at *5. Plaintiffs assert that they need the information to determine which of Defendant's manufacturers may have worked for Plaintiff Coach, such that Plaintiffs can determine if the manufacturers breached any obligations to Plaintiff Coach and be subject to litigation. (Discovery Letter re Confidentiality at 4.) Plaintiffs also assert a need to know if Defendant is developing any other products that may infringe on Plaintiffs' products, which they may then want to add to this action. (*Id.* at 4-5.) Finally, Plaintiffs assert that such information will help inform Plaintiffs' in-house counsel on the strength of the claims and available damages, which in turn would inform potential strategy. (*Id.* at 4.)

The Court is not persuaded. To challenge the AEO designation, the question is whether the designation "will impair prosecution or defense of the claims." *Nutratech, Inc.*, 242 F.R.D. at 555. Here, Plaintiffs suggest a need to determine whether its manufacturers breached any obligations to Plaintiff Coach or whether other products can be added to the case, which are not related to the claims asserted *in this case*. *Am. Roller Co., LLC v. Foster-Adams Leasing, LLP*, No. 05 C 3014, 2006 U.S. Dist. LEXIS 34075, at *8 (N.D. Ill. May 16, 2006) ("Defendants' attempt to discover evidence regarding the CM and Pillar Industries transaction for unasserted claims is improper."). As to Plaintiffs' claim that the information will help inform potential strategy, courts have found such generic assertions to be insufficient, observing that "attorneys for plaintiffs commonly manage to conduct discovery and litigation strategy without revealing such information to their clients." *Nutratech, Inc.*, 242 F.R.D. at 556.

Accordingly, the Court finds that Defendant's AEO designation is appropriate, and that

Plaintiffs have failed to demonstrate that their need to disclose such information to in-house counsel outweighs Defendant's need for protection.

This order disposes of Dkt. Nos. 46 and 47.

IT IS SO ORDERED.

Dated: April 23, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California