UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAPESTRY, INC., et al.,

　　　　Plaintiffs,

　v.

LAST BRAND, INC.,

　　　　Defendant.

Case No. 25-cv-03082-JST

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL**

Re: ECF No. 53

In conjunction with their motion for leave to file an amended complaint, Plaintiffs Tapestry, Inc; Coach Services, Inc; and Coach IP Holdings LLC have filed a motion to file under seal material designated as confidential by Defendant Last Brand, Inc. dba Quince. ECF No. 53. Quince seeks to maintain under seal the identity of its manufacturers contained in its responses to interrogatories, as well as a two-page "Email from Quince to Quince's Manufacturers" in its entirety. ECF No. 56 at 2–3.

Quince argues that compelling reasons exist to seal the designated material. *Id.* at 3–6. The Court agrees as to the identity of the manufacturers and the names of two employees of one of the manufacturers that appear in the email. Courts have found compelling reasons to seal supplier information because public disclosure of that information could cause competitive harm. *Eco Elec. Sys., LLC v. Reliaguard Inc.*, No. C 20-00444 WHA, 2022 WL 2239833, at *1 (N.D. Cal. June 22, 2022) (but warning defendants "that should this information become relevant at trial or otherwise, the public interest may increase, perhaps leading to a different decision on future sealing requests").

However, the Court is not persuaded by the conclusory declaration submitted by Quince to support its contention that the email "reveals Quince's design and manufacturing process, and internal operation procedure and workflow, which are highly confidential and demands sealing."

<div style="writing-mode: vertical">United States District Court<br>Northern District of California</div>

ECF No. 56 at 6.  The cases cited by Quince are distinguishable.  Nothing in the email, for example, reveals "technical information about . . . product design and operation," *VLSI Tech. LLC v. Intel Corp.*, No. 17-cv-05671-BLF, 2023 WL 9187549, at \*2 (N.D. Cal. Oct. 24, 2023), or "internal product development and functionality," *AGIS Software Dev. LLC v. Google LLC*, No. 22-cv-04826-BLF, 2023 WL 5955796, at \*2 (N.D. Cal. Aug. 21, 2023).  Quince has not explained how the information in the email, including publicly available website links, is "highly confidential and proprietary information" or "sensitive commercial and strategic information," the release of which "could materially impair Quince's ability to maintain and enhance its competitive position and to differentiate itself from competitors, including Plaintiffs."  ECF No. 56-1 ¶ 5.

Moreover, some of the information in the email is clearly not confidential—for example, the date and time of the email and the identity of the Quince employee who sent the email.  Quince itself identified the author of the email as "Angela Bo," described as "Quince's Sourcing Manager."  ECF No. 56 at 3.

Accordingly, the motion to seal is granted in part and denied in part.  The identity of Quince's suppliers and their employees may remain sealed.  Quince has failed to demonstrate that compelling reasons exist to seal the remaining information in the email.

Within seven days of the date of this order, Plaintiffs shall file on the public docket a redacted version of the email in compliance with this order.

**IT IS SO ORDERED.**

Dated:  May 22, 2026

_____
JON S. TIGAR
United States District Judge